UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BRENDA FRANK, | ) |
| Plaintiff, | ) Case No. 2:13-cv-01603-GMN-NJK |
| vs. | ) **ORDER** and |
| ROHAN EARL MASCARENHAS, et al., | ) **REPORT & RECOMMENDATION** |
| Defendants. | ) |

Before the Court is Plaintiff's Motion to Remand, Docket No. 10. The Court has considered Plaintiff's Motion, Docket No. 10, and Defendant's Opposition, Docket No. 17. Also before the Court is Defendant Safeco Insurance Company of Illinois' Motion to Sever, Docket No. 6. The Court finds that these motions are appropriately resolved without oral argument. *See* Local Rule 78-2.

**I.    Procedural Background**

Plaintiff filed her initial Complaint on June 27, 2013, in the Eight Judicial District of the State Court of Nevada. See Docket No. 10, at 3; Docket No. 17, at 4. On July 24, 2013, Plaintiff filed an Amended Complaint, which corrected the name of Defendant Rohan Earl Mascarenhas. *Id*. Both the Complaint and the Amended Complaint state that Plaintiff has incurred medical expenses and "does continue to incur such expenses." *See* Docket No. 17, at 4-5 (*quoting* Complaint and Amended Complaint). Paragraph 35 of both the Complaint and the Amended Complaint state that Plaintiff's "demand for payment and included medical records and bills that establish damages sustained by Plaintiff on December 21, 2011 exceeded $100,000.00." *Id*. The Complaint and the Amended

Complaint also state that to date, Plaintiff's medical bills total $19,119. Docket No. 10, at 7 (*citing* Complaint and Amended Complaint). Throughout the Complaint, with the exception of the one time that the figure $100,000 is used in paragraph 35, Plaintiff repeatedly states that her damages exceed $10,000. *Id*., at 7-8.

Prior to filing her Complaint on December 12, 2012, Plaintiff sent correspondence to Defendant Mascarenhas' insurer indicating that she calculated her damages to be in excess of $85,000. Docket No. 17-3. Nevertheless, on May 15, 2013, Plaintiff offered to settle with Defendant Safeco for $59,000; and as of September 12, 2013, Plaintiff demanded approximately $58,000 to resolve this case. Docket No. 10-1, at 2.

On September 4, 2013, Defendants removed this case to the United States District Court for the District of Nevada on diversity jurisdiction. Docket No. 1. In order to show that the amount in controversy requirement is satisfied, the Petition for removal cites to paragraph 35 of the Complaint which states that Plaintiff's damages exceed $100,000. *Id*., at 2-3.

On September 27, 2013, Plaintiff filed the present Motion to Remand asserting that the amount in controversy is under the requisite $75,000. Docket No. 10, at 9. According to Plaintiff, the $100,000 listed in paragraph 35 is a "clear and obvious typographical error." *Id*. Defendant Safeco opposes Plaintiff's Motion. *See* Docket No. 17.

**II.     Legal Standard**

To establish subject matter jurisdiction pursuant to diversity of citizenship, a defendant removing a case to federal court must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

Federal courts, as courts of limited jurisdiction, must strictly construe their jurisdiction. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)*(citing Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)); see also *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand).

When a complaint does not specify the dollar amount in controversy, the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds $75,000. *Matheson*, 319 F.3d at 1090; see also *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (holding that the burden of establishing federal jurisdiction is placed on the party seeking removal).  It is the amount in controversy at the time of removal which governs. *Id*. The amount in controversy can include compensatory damages, punitive damages, and attorneys' fees (when permissible), but not interest and costs. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (amount in controversy includes punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (when authorized by law, attorneys' fees can be part of the amount in controversy); 28 U.S.C. § 1332(a) (amount in controversy excludes costs and interest).

To determine whether the removing defendant has met his burden, the Court considers the facts alleged in the removal petition as well as any " 'summary-judgment-type evidence relevant to the amount in controversy.' " *Matheson*, 319 F.3d at 1090 (*quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). The removing defendant must support his claim for federal jurisdiction with specific facts; conclusory or speculative arguments are insufficient. *Gaus*, 980 F.2d at 567.

A settlement offer can be relevant evidence of the amount in controversy, provided that the offer reflects a reasonable value for the case. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

**III.  Analysis**

Defendant Safco asserts that this Court has diversity jurisdiction over ths action. The parties do not dispute that there is complete diversity in this matter; rather, the focus of this dispute concerns whether the amount in controversy exceeds $75,000.

Defendant Safeco asserts that the amount in controversy exceeds $75,000, because Paragraph 35 of both the Complaint and the Amended Complaint state that Plaintiff's "demand for payment and included medical records and bills that establish damages sustained by Plaintiff on December 21, 2011 exceeded $100,000.00." Docket No. 10, at 7 (*citing* Complaint and Amended Complaint). Additionally, Defendant Safeco asserts that because Plaintiff seeks damages beyond compensatory damages for punitive damages, attorney's fees, and costs, she is "clearly" seeking damages that exceed the amount in controversy requirement. *Id*., at 9.  Finally, Defendant Safeco relies on the letter Plaintiff sent to

Defendant Mascarenhas' insurer, Progressive Insurance Claims, a non-party to this litigation, indicating that she calculated her damages to be in excess of $85,000, to support its contention that the amount in controversy exceeds $75,000. Docket No. 17-3.

Plaintiff, on the other hand, argues that the amount in controversy is under $75,000. Docket No. 10. According to Plaintiff, the $100,000 listed in paragraph 35 is a "clear and obvious typographical error." Docket No. 10, at 9. To support this assertion, Plaintiff notes that her medical bills total $19,119, and, although she has sought more than $19,119, on two occasions, both before and after filing her lawsuit, Plaintiff has demanded significantly less than $75,000 to resolve this case. *See* Docket No. 10-1, at 2. Therefore, Plaintiff asserts, Defendant Safeco has not met its burden of showing by a preponderance of evidence that the amount in controversy exceeds $75,000. The Court agrees.

It is apparent from Plaintiff's pleadings that the $100,000 listed in paragraph 35 was a typographical error. Throughout the Complaint, Plaintiff repeatedly states that her damages exceed $10,000, and that her medical bills total $19,119. Docket No. 10, at 7-8. Plaintiff's prayer for relief also repeatedly states that the damages are "in excess of $10,000.00." *Id*. Accordingly, Defendant Safeco's reliance on the $100,000 listed in paragraph 35 of the Amended Complaint is, at best, misplaced.

Additionally, Defendant Safeco's assertion that the punitive damages, attorney's fees, and costs, at issue in this case put the amount in controversy above $75,000, is not supported by sufficient evidence. First, costs cannot be calculated into the amount in controversy. *See* 28 U.S.C. § 1332(a). Second, Plaintiff's medical bills total $19,119 and, based on her settlement offers, it is apparent that she is seeking to resolve this case for less than $60,000 total.[1] The Court finds that this settlement offer is relevant evidence of the amount in controversy because it reflects a reasonable value for the case. *See*

---

[1] Defendant Safeco asserts that Plaintiff's counsel's affidavit, which states that Plaintiff offered to settle this case for under $60,000 on two occasions, is "not effective" to diminish a finding that the amount in controversy is in excess of $75,000. Docket No, 17, at 10. The Court disagrees. The affidavit is made under oath and Defendant Safeco has provided no evidence which indicates that the statements made therein are false. In fact, the Court notes, that at no point in its opposition does Defendant Safeco deny that the $58,000 and $59,000 settlement offers occurred. Additionally, the burden of proof is on Defendant, who filed the petition, not Plaintiff.

1  *Cohn,* 281 F.3d at 840.

2  Finally, the letter Plaintiff sent to Defendant Mascarenhas' insurer, Progressive Insurance Claims, which indicates that Plaintiff calculated her damages to be in excess of $85,000, is not sufficient evidence to show that the amount in controversy exceeds $75,000. Docket No. 17-3. Progressive Insurance Claims is not a party to this litigation. Therefore, the amount of damages Plaintiff demanded from that entity prior to the commencement of this litigation have little bearing on this matter.  Further, the letter was sent before the May 15, 2013, settlement offer of $59,000.  Since it is the amount in controversy at the time of removal which governs, the May 15, 2013, offer superseded any prior demands. *See Matheson*, 319 F.3d at 1090.  Therefore, at the time of removal, the amount in controversy did not clearly exceed $75,000. "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson,* 319 F.3d at 1090 (9th Cir.2003).  In this case, Defendant Safeco has not proven by a preponderance of evidence that the amount in controversy exceeds $75,000. Accordingly, it is the recommendation of the undersigned Magistrate Judge that this case be remanded to the State Court of Nevada.

**VI.  Attorney Fees**

In addition to requesting remand, Plaintiff has requested an award of attorney's fees on the grounds that Defendant Safeco lacked an objectively reasonable basis for seeking removal. Considering that the basis of Defendant Safeco's petition for removal was a typographical error made by Plaintiff, the undersigned Magistrate Judge recommends that Plaintiff's request for an award of attorney's fees be denied.

**V.  Motion to Sever**

Since it is the recommendation of the undersigned Magistrate Judge that this case be remanded to the State Court of Nevada, the Court finds that the Motion to Sever is more appropriately resolved by the State Court of Nevada and therefore denies Defendant Safeco's Motion to Sever as moot.

**VI.  Conclusion**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant Safeco Insurance Company of Illinois' Motion to Sever, Docket No. 6, DENIED.

IT IS THE RECOMMENDATION of the undersigned United States Magistrate Judge that Plaintiff's Motion to Remand, Docket No. 10, be GRANTED in part and DENIED in part.

IT IS FURTHER RECOMMENDED that this case be remanded to the State Court of Nevada.

IT IS FURTHER RECOMMENDED that Plaintiff's request for an award of attorney's fees be DENIED.

DATED this __18th__ day of October, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).